UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Philip Delgrosso,

        Petitioner,               Case Number: 2:22-CV-11477
                                                  HONORABLE SEAN F. COX

v.

Michael Carvajal, et al.,

        Respondents.

_____/

**OPINION AND ORDER DISMISSING CASE**

    Philip Delgrosso is a prisoner incarcerated at the Federal Correctional Institution in Milan Michigan. He filed a pleading titled: "Suit for Breach of Contract, Violation of and Denial of Due Process, and Deprivation of Rights, Including Access to Mandates First Step Act (FSA) Benefits." (ECF No. 1.) Delgrosso claims that he should have been released to home confinement in April 2022, but federal prison officials have delayed and denied his requests for relief. For the reasons stated, the Court dismisses the case.

    Delgrosso was convicted in the United States District Court for the Western District of Missouri of these crimes: conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 3); two counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957 (Counts 5 and 6); and failure to file

Internal Revenue Service Form 8300, in violation of 31 U.S.C. §§ 5331 and 5322 (Count 7). *See United States v. Delgrosso*, No. 13-03054-13-CR-S-BP, 2015 WL 13849103, at *1 (W.D. Mo. Oct. 19, 2015). The Eighth Circuit Court of Appeals affirmed his convictions. *United States v. Delgrosso*, 852 F.3d 821 (8th Cir. 2017).

In 2020, the Federal Bureau of Prisons released Delgrosso to home confinement. *Delgrosso v. Hemingway*, No. 22-10158, 2023 WL 319920, at *2 (E.D. Mich. Jan. 19, 2023). The Bureau of Prisons later rescinded Delgrosso's home confinement because he violated a condition of his release. *Id.* Delgrosso filed a habeas corpus petition in this Court challenging the Bureau of Prisons' decision to revoke his home confinement and return him to prison. The Honorable Victoria A. Roberts dismissed the petition without prejudice for failure to exhaust administrative remedies. *See Delgrosso v. Hemingway*, No. 22-12082 (E.D. Mich. Nov. 12, 2022) (ECF No. 15).

Delgrosso now seeks release to home confinement or a halfway house under 34 U.S.C. § 60541 and 18 U.S.C. § 3624(c). The Court is without authority to order the Bureau of Prisons to release a prisoner to home confinement or a halfway house. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020); *see also United States v. Houck,* 2 F.4th 1082, 1085 (8th Cir. 2021) (holding that district court lacked authority to change prisoner's place of confinement); *United States v. Calderon*, 901 F. App'x 730, 731 (11th Cir. Feb. 24, 2020) (holding that under 34 U.S.C. § 60541(g)(1)(A), the Attorney General "may" release eligible elderly offenders, and the district court was without jurisdiction to grant relief). The discretion to release a prisoner to home confinement lies solely with

the Bureau of Prisons. *United States v. Jones*, No. 21-3357, 2021 WL 8082963, at *2 (6th Cir. Dec. 14, 2021) ( "[O]nly the Bureau of Prisons, not the district court, has authority to order a prisoner transferred to home confinement"); *United States v. Mathews*, No. 21-1697, 2022 WL 1410979, at *3 (6th Cir. Apr. 4, 2022) (same).

The Court may not grant Delgrosso the relief he seeks. Accordingly, the case is DISMISSED.

Dated:  March 22, 2023                                   s/Sean F. Cox
                                                                                      Sean F. Cox
                                                                                      U. S. District Judge